## HILER *v.* CITY OF OXFORD.

### [72 South. 837.]

LICENSES. *Privilege tax on automobiles. Statute.*

Municipalities cannot impose a privilege tax on motor vehicles, since they are forbidden to do so by section 15, chapter 120, Laws 1914.

APPEAL from the circuit court of Lafayette county.
HON. J. L. BATES, Judge.

Suit by city of Oxford against A. V. Hiler for keeping and operating two automobiles for hire in the city without having first paid the privilege tax required by Laws 1914, chapter 96, section 1 and ordinance No. 81 of the city. From a judgment of conviction, defendant appeals.

The facts are fully stated in the opinion of the court.

*James Stone & Son,* for appellant.

SYKES, J., delivered the opinion of the court.

The appellant, A. V. Hiler, was tried and convicted before the mayor of the city of Oxford for keeping and operating two automobiles for hire in the city between September 1, 1915, and September 1, 1916, without having first paid the privilege tax to the city required by section 1 of chapter 96 of the Laws of Mississippi of 1910, and Ordinance No. 81 of the city of Oxford, from which judgment of conviction an appeal was prosecuted to the circuit court, where the case was tried by agreement before the judge without a jury, and which again resulted in a conviction, from which judgment this appeal is prosecuted.

The agreed statement of facts shows that the appellant is engaged in the livery and transfer business in the city of Oxford, and has paid all of the legal taxes due by him for conducting this business, and has paid all

privilege taxes due the state and county for operating the two automobiles, but has not paid the privilege tax, if any be due, to the city of Oxford on the two automobiles owned and operated by him between the above dates. It is the contention of the appellee that under section 15 of chapter 120 of the Laws of Mississippi of 1914 a municipality cannot collect a privilege tax of any kind upon automobiles.

Section 15, chapter 120, of the Laws of 1914 reads as follows:

"No municipality, levee district board or drainage district shall impose a privilege tax or registration fee upon any motor cycle, electric motor vehicle, commercial motor vehicle or motor vehicle; and shall not require any registration of same."

Section 1 of the above chapter also defines the term "motor vehicle." The above section expressly prohibits any municipality from imposing a privilege tax on these motor vehicles. The city of Oxford, therefore, was without authority to impose any privilege tax whatever on the appellant for operating his two automobiles. The case is reversed, and the appellant is discharged.

*Reversed.*