CITY OF HATTIESBURG v. JAMES.

(Division B.   Feb. 11, 1924.)

[99 So. 133.   No. 23957.]

1. LICENSES.   *Law providing privilege tax on motor vehicles held revenue measure.*
   Chapter 111, Laws of 1920, provides a scheme for the raising of revenue for the state from the use of motor vehicles.

2. LICENSES.   *Municipalities may not impose privilege taxes or registration fees on motor vehicles.*
   Section 15 of this act expressly prohibits municipalities from imposing privilege taxes or registration fees on these vehicles.

3. LICENSES.   *Municipalities may not enforce law providing privilege tax on motor vehicles.*
   License fees, penalties, and misdemeanors for violations of this act relate solely to the state.   Municipalities have nothing to do with the enforcement or with violation of any provisions of this act.

4. LICENSES.   *Violation of law providing privilege taxes on motor vehicles not municipal misdemeanor.*
   A violation of this law is not a municipal misdemeanor, though a municipality may have an ordinance making state misdemeanors municipal misdemeanors.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Proceedings between the city of Hattiesburg and Reginald James. From the judgment rendered, the former appeals. Affirmed.

*D. E. & C. W. Sullivan,* for appellant.

The city has adopted the statute laws of the state, as to misdemeanors, and this ordinance was introduced in evidence at the trial, and was relied upon by the city as its authority for the prosecution of the defendant for said offense. The court held that the city of Hattiesburg had no right under the law to prosecute the defendant for driving the automobile on the streets of the city without tags, as required by statute laws of the state. It is true that in *Hiler* v. *City of Oxford,* 72 So. 837, it was held that municipalities could not levy or impose a privilege tax or registration fee on motor vehicles.

But the city of Hattiesburg has not adopted an ordinance imposing a privilege tax or registration fee on motor vehicles. The city is prosecuting in this case under its ordinance adopting the statute laws of the state as to misdemeanors. Section 16, of chapter 111 of Laws of 1920, seems to provide a penalty for merely driving the vehicle without tags, and also provides a penalty for not paying the tax. We are inclined to the view that the penalty for driving without the tags is imposed as a punishment for not paying the registration fee of two dollars, required by section 8 of the Act, when the tags are delivered.

*R. A. Wallace,* for appellee.

The question is: Has the city of Hattiesburg, a municipal corporation, the power or authority to enforce the provisions of chapter 111 of Laws of 1920, prohibit-

ing the driving of motor vehicles on the *public roads* of any county in the state of Mississippi, without tags thereon as required by the act? The appellee contends that a municipal corporation, within the state, is without power or authority under the law to enforce any of the provisions of the act, because it is a revenue measure, for the exclusive benefit of the state, and from which no municipal corporation can receive any benefit whatsoever. In fact, by the terms of the act itself, municipalities are especially precluded from imposing privilege taxes upon a motor vehicle, and from requiring the registration of the same.

The city of Hattiesburg is without authority to punish those who fail or refuse to pay to the county tax collector privilege or license taxes levied for the benefit of the state, upon trades, callings and professions, and are required to enact special ordinances regulating licence taxes for its benefit, and the collection thereof, before it is authorized to levy and collect the same. In this case the act itself prohibits the city of Hattiesburg from imposing a privilege tax on motor vehicles, and from requiring any registration thereof. The act is not a police measure, but is a state revenue measure. *Wasson* v. *City of Greenville,* 86 So. 450.

The penal clause of the act (section 16) must be strictly construed. It provides that any person who shall drive a motor vehicle without tags thereon, as required by the provisions of the act, and in the manner so required, on the public roads of any county of the state, shall be guilty of a misdemeanor, and prescribes the punishment therefor; it does not provide for the driving of said vehicles upon a public road or street, but is confined to public roads. A public road and a street within a municipality are two different and distinct things. *M. & O. R. R.* v. *State,* 51 Miss. 137; *I. C. R. R.* v. *State,* 14 So. 459.

The legislature intended to limit the operation of the

penal clause of chapter 111 of the Laws of 1920, to the operation of motor vehicles upon the public roads of the county, and did not intend for it to extend to streets, avenues and alleys within a municipality, because the act is a revenue measure for the purpose of raising funds for the maintenance of public roads within the state, and not a police measure.

SYKES, P. J., delivered the opinion of the court.

The city of Hattiesburg prosecutes this appeal from an adverse judgment of the court upon a question of law, in accordance with section 40, paragraph 2, Code of 1906 (section 16, Hemingway's Code).

This municipality has adopted an ordinance making all state misdemeanors also municipal misdemeanors. Under this ordinance the appellee, defendant in the court below, was charged with driving an automobile on the streets of the city without having the same properly tagged in accordance with the state law. Chapter 111, Laws of 1920.

The agreed statement of facts shows that the car was not properly tagged. The contention of the appellee is that by the terms of this act the municipality has nothing whatever to do with its enforcement or violation, and consequently a violation of this law constitutes alone a violation of the state law, and not of the municipal law. The lower court so held.

Section 7 of this act requires that the auditor of public accounts shall furnish the tax collector with a sufficient number of tags for motor vehicles. Section 3 provides that the owner of a motor vehicle shall make a report to the tax collector concerning this vehicle. Section 4 provides that the state auditor furnish the tax collector with license with which to make collection of the taxes and fees imposed under this act. Section 5 provides that the state tax collector, at the end of each month, shall turn into the state treasury taxes collected by him under this act. Section 8 provides that upon the

payment of this registration fee of two dollars the tax collector shall deliver tags to the owner of the vehicle. Section 14 provides what is to be done if the tags are lost, namely, by applying to the tax collector for duplicates.  Section 15 reads as follows:

"No municipality, levee district board or drainage district shall impose a privilege tax or registration fee upon any motorcycle, electric motor vehicle, commercial motor vehicle or motor vehicle; and shall not require any registration of same.  No privilege tax shall be imposed on any motor vehicle owned by any county or municipality."

Section 16 is as follows: "Any such owner, dealer or agent, or any person, who shall drive a motorcycle, electric motorcycle, commercial motor vehicle (or motor vehicle) without tags thereon as required by the provisions of this act and in the manner so required, on the public roads of any county of this state, or who shall fail to make any report required to be made by this act, or who shall misrepresent any facts in such report, or who shall fail to pay any tax or fee imposed by this act or who shall fail or refuse to comply with the requirements of this act, shall be guilty of a misdemeanor, and upon conviction, shall be punished by a fine of not less than ten dollars or of not more than one hundred dollars, or by imprisonment in the county jail not more than thirty days, or both such fine and imprisonment for each offense."

The entire scheme of this act is to provide revenue for the state from the use of motor vehicles.  Section 15 expressly prohibits municipalities from imposing privilege tax or registration fees on these vehicles.  The license fees, penalties, and misdemeanors for violations of the act relate solely to the state.  Municipalities have noting whatever to do with the enforcement of the violations of any of the provisions of this law.  Section 15 expressly deprives them of any power to act in the premises. *Hiler* v. *City of Oxford,* 112 Miss. 22, 72 So.

837.   Since they can have nothing to do with either the enforcement or violation of the law, then a violation of the state law cannot be a violation of the municipal law. The city has no jurisdiction whatever of any matter included within this act.

The judgment of the circuit court is affirmed.

*Affirmed.*